UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

ERIC ROGERS,

      Plaintiff,

vs.

EMERALD INVESTMENTS, CORP.

      Defendant.

_____/

## INJUNCTIVE RELIEF SOUGHT

## COMPLAINT

Plaintiff, ERIC ROGERS (Collectively "Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Defendant, EMERALD INVESTMENTS, CORP. (hereinafter "Defendant") for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181, *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"), and allege as follows:

## JURISDICTION

1.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. §12181, *et seq.*, based upon Defendant's failure to remove physical barriers to access and violations of Title III of the ADA (see also, 28 U.S.C. §§2201 and 2201).

## PARTIES

2.     Plaintiff, ERIC ROGERS is a resident of the State of Florida and this judicial district, is *sui juris*, is disabled as defined by the ADA, traverses in a wheelchair, is substantially limited in performing one or more major life activities, including but not limited to walking, standing, grabbing, grasping and/or pinching.  Plaintiff uses a wheelchair for mobility purposes.  Plaintiff's access to the businesses at 7404 South Dixie Highway, West Palm Beach, FL 33405, Palm Beach County Property Appraiser's Parcel Control number 74-43-44-10-07-006-0010 ("the Property"), and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of these disabilities, and will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations which exist at the Property and Facility, including those set forth in this Complaint.

3.     In March of 2016, Plaintiff was a customer at Pizza Mambo, located at 7404 South Dixie Highway, West Palm Beach, FL 33405, located at the real property with parcel control number 74-43-44-10-07-006-0010 ("the Facility").  Plaintiff lives in the near vicinity of the Facility and Property.

4.     Plaintiff intends to visit the Facility and Property within six months, or sooner, to purchase goods.  Plaintiff has visited the Facility and Property at least once before and intends on visiting the Facility and Property

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

within the next six months, or sooner, as soon as the Facility and Property are accessible again.

5.     In this instance, Plaintiff travelled to the Facility and Property as a customer, encountered the barriers to access at the Facility and Property detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access and Defendants' ADA violations discussed below.

6.     Defendant, EMERALD INVESTMENTS, CORP. is a Florida Corporation that owns and/or operates the building/property at 7404 South Dixie Highway, West Palm Beach, FL 33405.   EMERALD INVESTMENTS, CORP. is the owner and/or operator of the real property and improvements which the Facility is situated in and is the subject of this action. (referred to as the "Facility and Property")

**FACTUAL ALLEGATIONS AND CLAIM**

7.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. §12101, *et seq.*

8.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

      (iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

      (iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

      (v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and nonproductivity.

42 U.S.C. §12101(a)(1) - (3), (5) and (9).

9.    Congress explicitly stated that the purpose of the ADA was to:

      (i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

      (ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

      (iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 ● Boca Raton, Florida 33433 ● Tel (561) 807-7388 ● Fax (561) 807-7198

10.    The congressional legislation provided places of public accommodation one and a half years from the enactment of the ADA to implement the requirements imposed by the ADA. The effective date of Title III of the ADA was January 26, 1992, or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less. 42 U.S.C. § 12181; 28 C.F.R. §36.508(a)

11.    The Facility and Property is a public accommodation and service establishment.

12.    Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of Attorney General, promulgated federal regulations to implement the requirements of the ADA. 29 C.F.R. Part 36.  Public accommodations were required to conform to these regulations by January 26, 1992 (or January 26, 1993 if defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. §12181, *et seq.*, and 28 C.F.R. §36.508(a).

13.    The Facility and Property must be, but is not, in compliance with the ADA and ADAAG.  Compliance with the ADA by Defendant is readily achievable.

14.    Plaintiff has attempted to and has, to the extent possible, accessed the Facility and Property in his capacity as a customer but could not fully do so because of his disabilities due to the physical barriers to access, dangerous conditions and ADA violations that exist at the Property that preclude and/or limit his access to the Facility and/or the goods, services, facilities, privileges,

advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

15.     Plaintiff intends to visit the Facility and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Facility and Property, but will be unable to fully do so because of his disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Facility Property that preclude and/or limit his access to the Facility Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

16.     Defendant has discriminated against Plaintiff and others with disabilities, by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, as prohibited by, and by failing to remove architectural barriers as required by 42 U.S.C. §12182(b)(2)(A)(iv), and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant is compelled to remove all physical barriers that exist at the Facility and Property, including those specifically set forth herein, and make the Facility and Property accessible to and usable by persons with disabilities, including Plaintiff.

17.     Defendant has discriminated against Plaintiff by failing to comply with the above requirements. A specific list of unlawful physical barriers,

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

dangerous conditions and ADA violations which Plaintiff experienced and/or observed and preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and Property and/or full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility and Property, include:

**ACCESSIBLE ELEMENTS**

a. The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space because there were insufficient numbers of them.

b. One or more accessible parking spaces have excessive vertical rises, are not level and therefore in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

c. The access aisle to the accessible parking space is not level due to the presence of a ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG regulations. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

d. There is an excessive vertical rise at the top of the ramp in violation of section 303.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access public features of the Property.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

e. There is at least one accessible parking space that does not have properly marked access aisles in violation of section 502.3.3 of the 2010 ADAAG standards. This violation poses a danger to Plaintiff as he attempts to access the accessible entrances of the Property.

f. The Property lacks an accessible route from the sidewalk to the accessible entrance of the Property and/or Facility in violation of section 206.2.1 of the 2010 ADAAG regulations. This violation made it difficult for Plaintiff to access the units of the Property.

**RESTROOMS**

a. The Facility lacks restrooms signage in compliance with sections 216.8 and 703 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to locate accessible restroom facilities.

b. The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG regulations. This made it difficult for Plaintiff to utilize the restroom facilities.

c. The restrooms in tenant spaces have grab bars adjacent to the commode which are not long enough and therefore are not in compliance with section 604.5 of the 2010 ADAAG standards. This made it difficult for Plaintiff to safely utilize the restroom facilities.

d. The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG regulations. This violation made

it difficult for the Plaintiff to properly utilize public features of the restroom.

18.   The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility and Property.   Plaintiff requires an inspection of Facility and Property in order to determine all of the discriminatory acts violating the ADA.

19.   Plaintiff has attempted to gain access to the Facility and Property in his capacity as a customer, but because of his disability has been denied access to, and has been denied the benefits of services, programs and activities of the tenants of the Facility and Property, and has otherwise been discriminated against and damaged by Defendant, because of the physical barriers, dangerous conditions and ADA violations set forth above, and expect to be discriminated against in the near future by Defendant because of Plaintiff's disabilities, unless and until Defendant is compelled to remove the unlawful barriers and conditions and comply with the ADA.

20.   The removal of the physical barriers, dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense.   42 U.S.C. §12182(b)(2)(A)(iv); 42 U.S.C. §12181(9); 28 C.F.R. §36.304.

21.   The removal of the physical barriers and dangerous conditions present at the Facility and Property is readily achievable because the nature

and cost of the modifications are relatively low and the Defendant has the financial resources to make the necessary modifications.

22.     Upon information and belief, the Facility and Property has been altered since 2010.

23.     In instances where the 2010 ADAAG standard does not apply, the 1991 ADAAG standard applies and all of the violations listed in paragraph 17 can be applied to the 1991 ADAAG standards.

24.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant is required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility and Property, including those set forth herein. The relief requested serves the public interest and the benefit to Plaintiff and the public far outweigh any detriment to Defendant.

25.     Plaintiff has been obligated to retain the undersigned counsel for the filing and prosecution of this action, and has agreed to pay the undersigned counsel reasonable attorney's fees, costs, and expenses from Defendants pursuant to 42 U.S.C. § § 12205 and 12117, and Plaintiff is entitled to attorney's fees, costs, and expenses from Defendant.

26.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility and Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA.

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198

WHEREFORE, Plaintiff respectfully requests that this Court issue a permanent injunction enjoining Defendant from continuing its discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Property to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and award Plaintiff his reasonable attorneys' fees, litigation expenses and costs.

Respectfully submitted this 11th day of April, 2016.

/s/ Douglas S. Schapiro
Douglas S. Schapiro
Fla. Bar #54538
The Schapiro Law Group, P.L
Attorney for Plaintiff
21301 Powerline Road
Suite 106
Boca Raton, FL 33433
Tele: (561) 807-7388
Fax: (561) 807-7198
Email: schapiro@schapirolawgroup.com

SCHAPIRO LAW GROUP, P.L
21301 Powerline Road, Suite 106 • Boca Raton, Florida 33433 • Tel (561) 807-7388 • Fax (561) 807-7198